Martin, J.
It is admitted that the Farmers Bank received the plaintiff’s money and promised to repay him as stated in the certificate; and that in so doing, it acted *11 through its agent Tucker. The contention of the plaintiff is that the bank was a private association or partnership, unincorporated,, and composed of the defendants; whilst the defendants insist that it was a savings society, incorporated under the act of April 16, 1867. (S. & S. 118.) Some of the defendants in separate answers admit that they were members of it: As to them it seems to be a vital question whether or not the association was incorporated. If it was a corporate body, it was personally the debtor — the principal of the agent Tucker. And the action below beiug based solely on the certificate, we do not see how, particularly at this stage of the litigation, any relief could be afforded the plaintiff, even though the testimony at large should show a right of recovery dehors the instrument.
In the first place it is proper to understand the true character of the corporation authorized by the act under which it is claimed the bank was organized. The act provides that not less than five persons may become a body corporate to establish a savings society. To become such they must make a certificate setting forth the purpose; the name thus: The-savings society of -; and the place of business, and transmit the same to the board of commissioners of savings societies, consisting of the auditor, treasurer and secretary of state, whose duty it shall be to examine the same and carefully ascertain the responsibility and fitness of the applicants. If satisfied in these respects, they are required to certify the same to the governor, who, if satisfied the law has been complied with, is required to issue his proclamation of authority to the applicants to commence and carry on a savings society. It is further provided in the act that there shall be a board of managers, consisting of a ’president, vice-president, treasurer, and not less than five trustees. The corporate grant is to receive and invest in specified securities deposits of money that may be made, and to divide the profits ratably among the depositors. The depositors are required to agree to and sign the rules of the society, and thereby become members. The membership is confined to the depositors, *12 and they can severally withdraw their deposits and terminate their membership by giving thirty days’ previous notice. A certain per centage of the deposits is designated as a fund for the purchase of necessary real estate; and the incurring of any indebtedness is impliedly forbidden. The services of the trustees are required to be gratuitous, and they are forbidden to borrow the money of the society. They are not required to become members, and perhaps their is a propriety in their not assuming the double relation of trustee and beneficiary. Hence the members, that is to say, the depositors, are the sole beneficiaries and real owners. Some exemption from disability in the control of their deposits is given to married women and minors. The manifest design of the legislature was to establish a limited and safe agency for the benefit of the industrious poor and persons under disability, and others who have not the opportunity or aptitude to husband their earnings. The society partakes somewhat of the nature of a benevolent institution, and is in no sense a trading corporation; but the reverse.
In virtue of the executive proclamation, five of the defendants, who were also the applicants for the charter, organized, electing themselves and five other persons trustees, who thereby became the board of managers. One of them was elected president and another treasurer or cashier. Of all which due record was made. Thus the agency was established with unconditional corporate power.
And here arises the question which we suggest is presented and answered in the record. Did the trustees in the execution or attempted execution of that power, however imperfectly it may have been done, conduct the business, or any part of it, that was thereafter done by the Farmers Bank, in the course of which the indebtedness to the plaintiff was contracted? The mere fact of corporate existence imposed no imperative duty to proceed further. As duly nominated trustees they had the corporate faculty in presentí to receive a membership and assume an actual trusteeship over the trust funds of the members. Until this was done *13 or attempted, their situation in respect to the trust or duty was merely preliminary and propositional; and, no contract or other rights whatever intervening, they could lawfully abandon the agency or withhold action under it.
The business done by the bank was exclusively of a general banking character. Considered in the light of a savings society it had no corporate plant whatever, and no corporate membership. Indeed it is not seriously claimed that it was in fact a savings society, within the meaning of the statute, or that it resembled one. If the business of the bank had proved remunerative, to whom would the profits have belonged ? Not to Tucker the cashier, for he confessedly had a principal. Not to the actual depositors, for their rights were fixed by their respective contracts. The only plausible claimant would be the board of directors. And a loss happening, we are considering where the testimony and the law casts it. The trustees, as we have seen, were selected on account of exceptional fitness for the trust, and we cannot presume that in setting on foot and carrying on the bank they supposed they were executing, or attempting to execute, the carefully limited power confided to their honor. The business done by the bank was a lawful business. On the plaintiff's theory of a partnership it was laAvfully done. On the theory that it was in some way or other done by, or through, or in connection with, the statutory agency, it was unlawfully done; and involves a total diversion of the power. And inasmuch as the conduct of the defendants throughout, so far as the record speaks, can consist with good faith only on the presumption of an abandonment of the agency, we feel no hesitation in holding as matter of fact indisputably established by the testimony that they did so abandon it.
Having disposed of the plea of corporate contract, we are to consider further the question as to the liability of the defendants. When the debt sued on was created, two changes in the board had occurred by reason of resignations, and the vacancies were filled. And we are impressed with the idea that probably at no time was there any dis *14 tinct understanding as to a division of profits. They, or some of them, conducted the business and incurred the debt to Ridenour. All of them knew they were held out as directors of the bank, and some of them in their answers admit an actual membership in it, claiming, however, it was official, as trustees or members of a corporation. The defendants relying solely on the general issue, are entitled to have their liability, if there be any, established by the clear weight of 'the testimony. On the trial and In argument they relied greatly on the defense that the bank was incorporated. They have testified that they were not partners in the business. A question as to the existence of a partnership is a mixed question of law and fact; and the testimony of a witness in respect to it amounts, frequently, to nothing more than the expression of an opinion. We are very clear that the partnership as to all was prima facie, established, and that therefore the testimony as to the conduct and acts of each is properly received against all to strengthen the presumption. On the whole case we are pretty well satisfied that the evidence showed a liability on the part of all the defendants to the plaintiff for- his debt. It is not necessary, however, nor perhaps proper, to express an opinion covering all the defendants; especially so, in view of the manifest difference in the extent of their participation severally in the management. The entire question as to the liability of all or any of them will be open on a re-trial.
The view we have taken of this case makes it unnecessary to pass on the several propositions that have been ably argued by counsel.

Judgement reversed and cause remanded.